# Exhibit A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
12/05/2025
CT Log Number 550802308

## Service of Process Transmittal Summary

**TO:** Brian Harstine
Premium Brands Services LLC
8323 WALTON PKWY
NEW ALBANY, OH 43054-9522

**RE:** **Process Served in Washington**

**FOR:** Premium Brands Opco LLC (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | GAYLA SUE BREACH, on her own behalf and on behalf of others similarly situated vs. PREMIUM BRANDS OPCO LLC |
| **CASE #:** | 2523619935EA |
| **PROCESS SERVED ON:** | CT Corporation System, Olympia, WA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 12/05/2025 at 14:33 |
| **JURISDICTION SERVED:** | Washington |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air<br>Image SOP<br>Email Notification, Brian Harstine brian.harstine@knitwellgroup.com<br>Email Notification, LAURA VITOBELLO laura.vitobello@knitwellgroup.com<br>Email Notification, MICHAEL SCHEPT michael.schept@ascenaretail.com<br>Email Notification, Mara Calame mara.calame@knitwellgroup.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>711 Capitol Way S<br>Suite 204<br>Olympia, WA 98501<br>866-401-8252<br>LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Dec 5, 2025
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | PREMIUM BRANDS OPCO LLC |
| Case Number | 252361993SEA |
| Jurisdiction | WA |

| Inserts | | |
|---|---|---|
| | | |

FILED
2025 DEC 04 04:22 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-36199-3 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| GAYLA SUE BREACH, on her own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIUM BRANDS OPCO LLC,<br><br>Defendant. | NO.<br><br>**SUMMONS (20 DAY)** |

TO: PREMIUM BRANDS OPCO LLC:

A lawsuit has been started against you in the above-entitled court by the Plaintiff. The Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what has been asked for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

You may demand that Plaintiff file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon Plaintiff. Within fourteen (14) days after you serve the demand, Plaintiff must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

RESPECTFULLY SUBMITTED AND DATED this 4th day of December, 2025.

TERRELL MARSHALL LAW GROUP PLLC

By: */s/ Beth E. Terrell*
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, WSBA #36983
Email: jmurray@terrellmarshall.com
Blythe H. Chandler, WSBA #43387
Email: bchandler@terrellmarshall.com
Eden B. Nordby, WSBA #58654
Email: enordby@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Sophia M. Rios, *Pro Hac Vice Forthcoming*
Email: srios@bergermontague.com
BERGER & MONTAGUE, P.C.
8241 La Mesa Blvd., Suite A
La Mesa, CA 91942
Telephone: (619) 489-0300
Facsimile: (215) 875-4604

E. Michelle Drake, *Pro Hac Vice Forthcoming*
Email: emdrake@bergermontague.com
BERGER & MONTAGUE, P.C.
1229 Tyler Street NE, Suite 205

Minneapolis, MN 55413
Telephone: (612) 594-5933

Colleen Fewer, *Pro Hac Vice Forthcoming*
Email: cfewer@bergermontague.com
BERGER & MONTAGUE, P.C.
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: (415) 376-2097

James Hannaway, *Pro Hac Vice Forthcoming*
Email: jhannaway@bergermontague.com
BERGER & MONTAGUE, P.C.
1001 G Street NW, 4th Floor Suite 400 East
Washington, DC 20001
Telephone: (202) 869-4524

*Attorneys for Plaintiff*

FILED
2025 DEC 04 04:22 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-36199-3 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| GAYLA SUE BREACH, on her own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIUM BRANDS OPCO LLC,<br><br>Defendant. | Case No.:<br><br>COMPLAINT FOR VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT AND COMMERCIAL ELECTRONIC MAIL ACT<br><br>CLASS ACTION<br><br>DEMAND FOR TRIAL BY JURY |

## I. NATURE OF THE ACTION

1. This is a class action against Premium Brands Opco LLC, d/b/a LOFT ("LOFT" or "Defendant") for illegally sending false and misleading emails. Defendant uses different types of false and misleading information in email subject lines to trick consumers into opening their email and making purchases. For example, the subject line will claim: "50% off + extra 15% off + FREE shipping ENDS TONIGHT." But the next day, Defendant sends an email stating "50% off +extra 15% off + free shipping is NOW EXTENDED*." Both email subject lines are false and misleading: Defendant never intended to end the sale that night and planned for it to be offered for a longer period of time. As another example, the subject line will claim that a sale is "Just for today: EXTRA 60% OFF sale styles" only for Defendant to send an email shortly after announcing that the sale has been "Now extended: extra 60% off sale styles!" Again, both email subject lines are false and misleading.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2. Defendant has a pattern and practice of advertising fake sale extensions. Defendant sends these emails with false and misleading subject lines to create the illusion of a good deal and impart a sense of urgency and induce fear in consumers that they might miss out on that good deal, spurring consumers to make purchases in a hurry and thereby increasing Defendants sales revenue.

3. Defendant also uses its illusory "sales" and preplanned extensions as an excuse to send consumers additional emails purporting to notify them that a sale is being offered, is ending, or that a sale has been extended. This practice causes consumers' inboxes to become inflated with spam.

4. Defendant's practice of sending serial emails about illusory sales with imaginary time limits and fake extensions violates the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190, and the Washington Consumer Protection Act ("CPA"), RCW 19.86.

5. By sending emails with false and misleading information in the subject lines to Plaintiff and the Class (defined below), Defendant clogs email inboxes with false information and violates Plaintiff's and Class members' right to be free from deceptive commercial e-mails.

6. Plaintiff brings this action as a class action on behalf of persons residing in Washington who also received Defendant's false and misleading emails. Plaintiff's requested relief includes an injunction to end these practices, an award to Plaintiff and Class members of statutory and exemplary damages for each illegal email, and an award of attorneys' fees and costs.

## II. PARTIES

7. Plaintiff Gayla Sue Breach is a resident of the state of Washington, residing in Kitsap County, Washington.

8. Defendant Premium Brands Opco LLC is a limited liability company with its principal place of business at 7 Times Square. New York, New York 10036, and is incorporated in Ohio. Premium Brands Opco LLC operates LOFT retail stores and the LOFT website. Through LOFT, Defendant engages in substantial business activities in Washington and in King County, including by selling and delivering products to Washington and King County consumers from its website, maintaining seven brick-and-mortar stores in Washington and in King County, and


TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

sending the marketing emails at issue in this Complaint to consumers throughout Washington and King County.

## III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this civil action under, without limitation, Section 6 of Article IV of the Washington State Constitution (Superior Court jurisdiction, generally), RCW 19.86.090 (Superior Court jurisdiction over Consumer Protection Act claims) and RCW 19.190.090 (Superior Court jurisdiction over Commercial Electronic Mail Act claims).

10. This Court has personal jurisdiction over Defendant under RCW 4.28.185. This Court may exercise personal jurisdiction over out-of-state corporation Defendant because the claims alleged in this civil action arose from, without limitation, Defendant's purposeful transmission of electronic mail messages to consumers residing within the State of Washington. In addition, Defendant intended, knew, or is chargeable with the knowledge that its out-of-state actions would have a consequence within Washington.

11. This Court also has personal jurisdiction over Defendant under RCW 19.86.160. For example, Defendant engaged and is continuing to engage in conduct in violation of RCW 19.86 which has had and continues to have an impact in Washington.

12. Venue is proper in King County Superior Court because Defendant has transacted business in King County, including without limitation by sending the marketing emails alleged herein to residents of King County, conducting substantial online and in-person retail sales and business with residents in King County, and shipping clothing and other consumer goods to residents in King County. RCW 4.12.025.

## IV. LEGAL FRAMEWORK

13. Washington's Commercial Electronic Mail Act (CEMA) regulates deceptive email marketing.

14. CEMA prohibits sending an email advertisement to a Washington resident that "[c]ontains false or misleading information in the subject line." RCW 19.190.020(1)(b). A


TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

violation of this prohibition is an unfair or deceptive act that occurs in trade or commerce and violates the public interest under the CPA. RCW 19.190.030(3).

15. "CEMA's prohibition on sending commercial e-mails with false or misleading subject lines . . . creates a substantive right to be free from deceptive commercial e-mails." *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1011 (W.D. Wash. 2019) (holding that the plaintiff sufficiently pleaded concrete injury-in-fact for alleged CEMA violations based on her receipt of marketing emails from the defendant containing allegedly false "xx% off" statements in the subject line). Washington courts have held that "[t]he harms resulting from deceptive commercial e-mails resemble the type of harms remedied by nuisance or fraud actions." *Id.* at 1008.

16. An injury occurs anytime a commercial e-mail is transmitted that contains false or misleading information in the subject line. *Id.* at 1011.

17. Under CEMA, it is irrelevant whether misleading commercial e-mails were solicited. *Id.*

18. CEMA creates a private right of action for injunctive relief for people who receive commercial emails with subject lines containing false or misleading information. RCW 19.190.090(1). A plaintiff who successfully alleges and proves such a violation may obtain, among other things, an injunction against the person who initiated the transmission. RCW 19.190.090(1). *Wright v. Lyft, Inc.*, 189 Wn.2d 718, 728 n.3 (2017) ("we note that a plaintiff may bring an action to enjoin any CEMA violation.").

19. It is a violation of the CPA (RCW 19.86 *et seq.*) to send or conspire with another person to send an email that contains false or misleading information in the subject line. RCW 19.190.030(1); *see also* RCW 19.190.030(2) (providing "that the practices covered by this chapter are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW.") The Legislature declared that "[a] violation of [section 030] is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act, chapter 19.86 RCW." RCW 19.190.030(3).


TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

20. Damages for a violation of the prohibition on sending an email with false or misleading information in the subject line are $500 or actual damages, whichever is greater. RCW 19.190.040.

21. To establish a violation of Washington's CPA, a claimant must establish five elements: (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that affects the public interest, (4) injury to plaintiff's business or property, and (5) causation. *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 719 P.2d 531, 533 (1986). Washington and federal courts have held that a plaintiff states a CPA claim solely by alleging a violation of the CEMA. *See State v. Heckel*, 143 Wash.2d 824, 24 P.3d 404, 407 (2001) ("RCW 19.190.030 makes a violation of [CEMA] a per se violation of the [CPA]."). Indeed, by alleging a CEMA violation of RCW 19.190.020, a plaintiff alleges all five elements of a CPA violation. *See Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1065 (9th Cir. 2009) (citing *Hangman Ridge*, 719 P.2d at 535–37); *Wright*, 406 P.3d at 1155 ("We conclude that RCW 19.190.040 establishes the injury and causation elements of a CPA claim as a matter of law.").

## V. FACTUAL ALLEGATIONS

### A. Defendant initiates (or conspires to initiate) the transmission of commercial e-mails with false or misleading subject lines.

22. Defendant has initiated (or conspired with its marketing companies to initiate) the transmission of dozens of commercial electronic mail messages with false or misleading subject lines to Plaintiff and the Class. The emails were electronic mail messages, in that they were each an electronic message sent to an electronic mail address; the emails from Defendant also referred to an internet domain, whether or not displayed, to which an electronic mail message can or could be sent or delivered.

23. Defendant sent the emails for the purpose of promoting its goods for sale.

24. The emails were sent at Defendant's direction and were approved by Defendant.

25. Defendant uses sales that are purportedly limited in nature to send more emails to consumers than it otherwise might. Defendant commonly sends two marketing emails every day,


TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

and sometimes sends up to ***4 per day***, many of them advertising sales that are purportedly ending or being extended. For example, Defendant will send emails (i) when a limited time sale starts, (ii) while the sale is ongoing, (iii) when the sale is close to ending, (iv) when the sale is (purportedly) in its final hours, and (v) when the sale has been "extended" or renewed. When several emails contain the same false and misleading information, the emails clog up inboxes with spam and waste limited data space.

26. Defendant violates CEMA because many of the statements in the email subject lines that are intended to induce consumers into opening the email and/or making a purchase are false and misleading on several fronts. There are numerous examples of Defendant's emails that can be shown to have false and misleading information in the subject lines. While there are too many examples to include them all here, the facts alleged below show the types of false and misleading email subject lines Defendant routinely deploys.

**B. Defendant sends emails advertising in subject lines that a sale is "extended," but Defendant always planned to continue the sale during the purported "extension."**

27. Defendant misrepresents how long it is offering a sale by sending emails with subject lines stating that a sale has been "extended." However, discovery will show that Defendant always planned to continue the sale, and the advertised "extension" is fake.

28. For example, in August 2025, Defendant "extended" its "Extra 60% off sale styles" promotion.

29. Specifically, on August 7, 2025, Defendant sent Plaintiff an email with a subject line advertising "Just for today: EXTRA 60% OFF sale styles".

30. The same day Defendant followed up with another email stating "Extra 60% off sale styles ENDS TONIGHT."

31. The next day, August 8, 2025, Defendant sent an email stating "Now extended: extra 60% off sale styles!"

32. The subject lines of the emails identified above were false and misleading because the sale did not end when Defendant said it would end, and at the time the emails were sent


TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Defendant did not intend to only offer the sale for one day, and the claimed "extension" was not in fact an extension, but the planned period for an ongoing sale.

33. As another example, Defendant sent the following emails to Plaintiff advertising a limited time sale in September 2025:

| DATE | EMAIL SUBJECT LINE |
|---|---|
| 9/14/2025 | 50% off everything + FREE shipping today only!* |
| 9/15/2025 | 50% off + FREE shipping is NOW EXTENDED |

34. The subject line of the email Defendant sent on Sunday, September 14, 2025 stating "50% off everything + FREE shipping today only!*" was false and misleading because, at the time the email was sent, Defendant did not intend to offer the sale "today only."

35. The subject line of the email Defendant sent on Monday, September 15, 2025, around 3 am, stating "50% off + FREE shipping is NOW EXTENDED" was false and misleading because Defendant had long planned to offer the sale after September 14.

36. Discovery will show that Defendant's employees did not meet between Sunday, September 14 and 3 am on Monday morning to determine that the sale should be extended.

37. As another example, Defendant sent the following emails to Plaintiff advertising a limited time sale in October 2025:

| DATE | EMAIL SUBJECT LINE |
|---|---|
| 10/13/2025 | 50% off + extra 15% off + FREE shipping ENDS TONIGHT |
| 10/13/2025 | IT ALL ENDS TONIGHT |
| 10/14/2025 | 50% off + extra 15% off + free shipping is NOW EXTENDED* |

38. The email subject lines Defendant sent on the holiday, October 13, 2025, stating "ENDS TONIGHT" are false and misleading because Defendant did not intend for the sale to "end tonight."

39. The subject line of the email Defendant sent on October 14, 2025, around 3 am, stating "50% off + extra 15% off + free shipping is NOW EXTENDED*" is false and misleading because, as discovery will show, Defendant had long planned to offer the sale after October 13.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

40. Discovery will show that Defendant's employees did not meet between the holiday on Monday, October 13, and 3 am on October 14 to determine that the sale should be extended.

**C. Defendant Sends Commercial Emails to Consumers Whom It Knows, Or Has Reason to Know, Reside In Washington.**

41. Defendant sent the misleading commercial emails to email addresses that Defendant knew, or had reason to know, belonged to Washington residents, either because (i) Defendant had a physical Washington address that was associated with the recipient; (ii) Defendant had access to data regarding the recipient indicating that they were in Washington; or (iii) information was available to Defendant upon request from the registrant of the internet domain name contained in the recipient's electronic mail address.

42. First, for any person that orders products from Defendant, Defendant associates that person with a billing address and shipping address.

43. Second, discovery will show that Defendant engages in marketing strategies that do or could identify recipients locations. For example, discovery will show that Defendant employs methods to track the effectiveness of its marketing emails and to identify consumers that click on links contained in Defendant's social medial advertising and marketing emails, including by identifying their physical location. Discovery will also show that Defendant gathers information such as geocoordinates and IP addresses from individuals who click on links in Defendant's commercial emails, and that Defendant can use such information to determine whether the recipient is in Washington. Defendant could also obtain data from a number of companies regarding the locations of consumers to whom it sends marketing emails.

44. Third, Defendant also utilizes cookies, pixels, and other online tracking technologies to identify and locate the consumers who click on links contained in Defendant's marketing emails and visit its website. For example, Defendant has installed the Meta Pixel on its website, which identifies website visitors and can identify specific Facebook and Instagram users who visit Defendant's website—information that can be associated with the data collected by Meta



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

on where consumers reside. Defendant also employs tracking technologies provided by other companies, such as Google, Inc., that may be able to locate consumers in the state of Washington.

45. Lastly, Defendant also knew, should have known, or had reason to know that it sends marketing emails to Washington residents due to its presence in the State and the volume of marketing emails it sends to people around the country. *See Heckel*, 122 Wash. App. at 6 (holding as a matter of law that a defendant had a reason to know that he sent emails to Washington residents by sending over 100,000 emails a week to people around the country).

46. Discovery will show that, at the time it sent the emails with false and misleading subject lines, Defendant had access to the data described above regarding the location of consumers in Washington to whom it sent the emails.

**D. Defendant initiated (or conspired to initiate) the transmission of illegal emails to Plaintiff.**

47. At all times relevant to this Complaint, Plaintiff resided in the State of Washington.

48. Plaintiff receives emails from Defendant at a yahoo email address. Plaintiff has received dozens of emails from Defendant since at least August 2025

49. Defendant knows, or has reason to know, that Plaintiff's email address is held by a Washington resident. Plaintiff has received Defendant's emails on her electronic devices which have been registered to an IP address in Washington at all relevant times.

50. Defendant sent emails with false and misleading subject lines to Plaintiff for the purpose of promoting Defendant's goods for sale.

51. Defendant initiated the transmission or conspired to initiate the transmission of these commercial electronic mail messages to Plaintiff.

52. Plaintiff does not want to receive emails with false and misleading subject lines from Defendant, though she would like to continue receiving truthful information from Defendant regarding its products. However, due to Defendant's conduct, Plaintiff cannot tell based on Defendant's email subject lines, many of which are false or misleading, which of Defendant's emails she actually wants to open.


TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## VI. CLASS ACTION ALLEGATIONS

53. Class Definition. Plaintiff brings this case as a class action under Civil Rule 23(b)(3), on behalf of a Class defined as:

> All persons[1] who, while a Washington resident, received an email from or at the behest of Defendant that contained a subject line stating that (1) a sale, discount, price, or other offer is ending at a stated time, when the sale was planned to continue past that time; or (2) a sale, discount, price, or other offer is being extended, when Defendant planned to offer the sale, discount, price, or other offer through the extension period advertised.

Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

54. Numerosity. The Class is so numerous that joinder of all members is impracticable. The Class has more than 100 members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

55. Commonality. There are numerous questions of law and fact common to Plaintiff and members of the Class. The common questions of law and fact include, but are not limited to:

a. Whether Defendant sent commercial electronic mail messages with false and misleading information in the subject lines;

b. Whether Defendant initiated the transmission or conspired to initiate the transmission of commercial electronic mail messages to recipients residing in Washington State in violation of RCW 19.190.020;

c. Whether a violation of RCW 19.190.020 establishes all the elements of a claim under Washington's Consumer Protection Act, RCW 19.86 *et seq.*;

d. Whether Plaintiff and the proposed Class are entitled to an injunction enjoining Defendant from sending the unlawful emails in the future; and

e. The nature and extent of Class-wide injury and damages.

---

[1] As that term is defined in RCW 19.190.010(11) and RCW 19.86.010(a)


TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

56. Typicality. Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims, like the claims of the Class arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

57. Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and class actions involving violations of CEMA. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the proposed Class.

58. Predominance. Defendant has a standard practice of initiating or conspiring to initiate commercial electronic mail messages to email addresses of Washington residents. The common issues arising from this conduct predominate over any individual issues. Adjudication of these issues in a single action has important and desirable advantages of judicial economy.

59. Superiority. Plaintiff and members of the Class have been injured by Defendant's unlawful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. The members of the Class are readily identifiable from Defendant's records and there will be no significant difficulty in the management of this case as a class action.

60. Injunctive Relief. Defendant's conduct is uniform as to all members of the Class. Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole. Plaintiff further alleges, on information and belief, that the emails described in this Complaint are substantially likely to continue in the future if an injunction is not entered.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## VII. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### (Violations of Washington's Commercial Electronic Mail Act, RCW 19.190 *et seq.*)

61. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

62. Washington's CEMA prohibits any "person," as that term is defined in RCW 19.190.010(11), from initiating or conspiring to initiate the transmission of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that contains false or misleading information in the subject line.

63. Defendant is a "person" within the meaning of the CEMA, RCW 19.190.010(11).

64. Defendant initiated the transmission or conspired to initiate the transmission of one or more commercial electronic mail messages to Plaintiff and proposed Class members with false or misleading information in the subject line.

65. Defendant's acts and omissions violated RCW 19.190.020(1)(b).

66. Defendant's acts and omissions injured Plaintiff and proposed Class members.

67. The balance of the equities favors the entry of permanent injunctive relief against Defendant. Plaintiff, the members of the Class and the general public will be irreparably harmed absent the entry of permanent injunctive relief against Defendant. A permanent injunction against Defendant is in the public interest. Defendant's unlawful behavior is, based on information and belief, ongoing as of the date of the filing of this pleading. Absent the entry of a permanent injunction, Defendant's unlawful behavior will not cease and, in the unlikely event that it voluntarily ceases, is likely to reoccur.

68. Plaintiff and Class members are therefore entitled to injunctive relief in the form of an order enjoining further violations of RCW 19.190.020(1)(b).



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**SECOND CLAIM FOR RELIEF**
**(*Per se* violation of Washington's Consumer Protection Act, RCW 19.86 *et seq.*)**

69. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

70. Plaintiff and Class members are "persons" within the meaning of the CPA, RCW 19.86.010(1).

71. Defendant violated the CEMA by initiating or conspiring to initiate the transmission of a commercial electronic mail messages to Plaintiff and Class members' that contain false or misleading information in the subject line.

72. A violation of CEMA is a "per se" violation of the CPA, RCW 19.86.010, et seq. RCW 19.190.030.

73. A violation of the CEMA establishes all five elements of Washington's CPA as a matter of law.

74. Defendant's violations of the CEMA are unfair or deceptive acts or practices that occur in trade or commerce under the CPA. RCW 19.190.100.

75. Defendant's unfair or deceptive acts or practices vitally affect the public interest and thus impact the public interest for purposes of applying the CPA. RCW 19.190.100.

76. Pursuant to RCW 19.19.040(1), damages to each recipient of a commercial electronic mail message sent in violation of the CEMA are the greater of $500 for each such message or actual damages, which establishes the injury and causation elements of a CPA claim as a matter of law. *Lyft*, 406 P.3d at 1155.

77. Defendant engaged in a pattern and practice of violating the CEMA. As a result of Defendants' acts and omissions, Plaintiff and Class members have sustained damages, including $500 in statutory damages for each email that violates the CEMA. The full amount of damages will be proven at trial. Plaintiff and Class members are entitled to recover treble damages, together with reasonable attorneys' fees and costs, under RCW 19.86.090.


TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

78. Under the CPA, Plaintiff and members of the Class are also entitled to, and do seek, injunctive relief prohibiting Defendant from violating the CPA in the future.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the Class, request judgment against Defendant as follows:

A. That the Court certify the proposed Class;

B. That the Court appoint Plaintiff as Class Representative.

C. That the Court appoint the undersigned counsel as counsel for the Class;

D. That the Court grant declaratory, equitable, and/or injunctive relief as permitted by law to ensure that Defendant will not continue to engage in the unlawful conduct described in this Complaint;

E. That the Court enter a judgment awarding any other injunctive relief necessary to ensure Defendant's compliance with the CEMA;

F. That Defendant be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify members of the Class;

G. That Plaintiff and all Class members be awarded statutory damages in the amount of $500 for each violation of the CEMA, and treble damages under RCW 19.190.020(1)(b) and RCW 19.86.090;

H. That the Court enter an order awarding Plaintiff's reasonable attorneys' fees and costs; and

I. That Plaintiff and all Class members be granted other relief as is just and equitable under the circumstances.

## IX. TRIAL BY JURY

Plaintiff demands a trial by jury for all issues so triable.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ *Beth E. Terrell*
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com

By: /s/ *Jennifer Rust Murray*
Jennifer Rust Murray, WSBA #36983
Email: jmurray@terrellmarshall.com

By: /s/ *Blythe H. Chandler*
Blythe H. Chandler, WSBA #43387
Email: bchandler@terrellmarshall.com

By: /s/ *Eden B. Nordby*
Eden B. Nordby, WSBA #58654
Email: enordby@terrellmarshall.com

936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Sophia M. Rios, *Pro Hac Vice Forthcoming*
Email: srios@bergermontague.com
BERGER & MONTAGUE, P.C.
8241 La Mesa Blvd., Suite A
La Mesa, CA 91942
Telephone: (619) 489-0300
Facsimile: (215) 875-4604

E. Michelle Drake, *Pro Hac Vice Forthcoming*
Email: emdrake@bergermontague.com
BERGER & MONTAGUE, P.C.
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Telephone: (612) 594-5933

Colleen Fewer, *Pro Hac Vice Forthcoming*
Email: cfewer@bergermontague.com
BERGER & MONTAGUE, P.C.
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: (415) 376-2097

James Hannaway, *Pro Hac Vice Forthcoming*
Email: jhannaway@bergermontague.com
BERGER & MONTAGUE, P.C.
1001 G Street NW, 4th Floor Suite 400 East
Washington, DC 20001
Telephone: (202) 869-4524

*Attorneys for Plaintiff*

FILED
2025 DEC 04 04:22 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-36199-3 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| | |
|---|---|
| GAYLA BREACH<br><br>Plaintiff(s)<br>vs<br><br>PREMIUM BRANDS OPCO LLC<br><br>Defendant(s) | No. 25-2-36199-3 SEA<br><br>**ORDER SETTING CIVIL CASE SCHEDULE**<br><br>**ASSIGNED JUDGE: Matthew Lapin, Dept. 08**<br><br>FILED DATE: 12/04/2025<br>TRIAL DATE:12/07/2026 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition.*** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A statuary filing fee must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a statutory arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a statutory fee must be paid and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

**King County Local Rules are available for viewing at <u>www.kingcounty.gov/courts/clerk.</u>**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 12/04/2025 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$250 arbitration fee must be paid** | 05/14/2026 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [*See KCLCR 4.2(a) and Notices on Page 2*]. | 05/14/2026 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 05/28/2026 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 07/06/2026 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 08/17/2026 |
| | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 08/31/2026 |
| | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 08/31/2026 |
| | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 10/19/2026 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 11/09/2026 |
| | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 11/16/2026 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 11/16/2026 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 11/23/2026 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 11/30/2026 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 11/30/2026 |
| | Trial Date [*See KCLCR 40*]. | 12/07/2026 |

*The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.*

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED: 12/04/2025

Peta Shah

PRESIDING JUDGE

FILED
2025 DEC 04 04:22 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-36199-3 SEA

**KING COUNTY SUPERIOR COURT**

**CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET (CICS)**

Pursuant to King County Code 4A.630.060, a faulty document fee of $15 may be assessed to new case filings missing this sheet.

**CASE NUMBER:** ______________________________
(Provided by the Clerk)

**CASE CAPTION:** ***Gayla Sue Breach v. Premium Brands Opco LLC***
(New case: Print name of person starting case **vs.** name of person or agency you are filing against.)

Please mark one of the boxes below:

☒ **Seattle Area**, defined as:

All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

☐ **Kent Area,** defined as:

All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

I certify that this case meets the case assignment criteria, described in King County LCR 82(e).

| | | |
|---|---|---|
| */s/ Beth E. Terrell* | 26759 | December 4, 2025 |
| Signature of Attorney | WSBA Number | Date |

or

| | |
|---|---|
| ______________________________ | ______________ |
| Signature of person who is starting case | Date |

______________________________
Address, City, State, Zip Code of person who is starting case if not represented by attorney

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET**

## CIVIL

Please check the category that best describes this case.

**APPEAL/REVIEW**

☐ Administrative Law Review (ALR 2)

(Petition to the Superior Court for review of rulings made by state administrative agencies. Examples: DSHS Child Support, Good to Go passes, denial of benefits from Employment Security, DSHS)

☐ Board of Industrial Insurance Appeals – Workers Comp (ALRLI 2)*

(Petition to the Superior Court for review of rulings made by Labor & Industries.)

☐ DOL Revocation (DOL 2)*

(Appeal of a DOL revocation Implied consent-Test refusal ONLY.) RCW 46.20.308(9)

**CONTRACT/COMMERCIAL**

☐ Breach of Contract (COM 2)*

(Complaint involving money dispute where a breach of contract is involved.)

☐ Commercial Contract (COM 2)*

(Complaint involving money dispute where a contract is involved.)

☐ Commercial Non-Contract (COL 2)*

(Complaint involving money dispute where no contract is involved.)

☐ Third Party Collection (COL 2)*

(Complaint involving a third party over a money dispute where no contract is involved.)

**ELECTIONS**

☐ Contest Election (CNE2)

(Filed by registered voter to challenge the right to assume office, appear on the general election ballot, or certification of the election result pursuant to RCW 29A.68)

☐ Petition to Appeal/Amend Ballot Title (BAT 2)

(Action filed if any persons are dissatisfied with the ballot title for a local ballot measure pursuant to RCW 29A.36.)

☐ Recall Ballot Synopsis (RBS2)

(Filed by the Prosecutor or Attorney General pursuant to RCW 29A.56)

☐ Subdivision Election Process Review (SER 2)*

(Action filed by a political subdivision seeking acknowledgement of compliance pursuant to RCW 29A.92.)

☐ Voter Election Process Law Review (VEP 2)*

(Complaint for violation of voting rights act pursuant to RCW 29A.92.080 or 29A.92.090 )

**JUDGMENT**

☐ Abstract, Judgment, Another County (ABJ 2)

(A certified copy of a judgment docket from another Superior Court within the state.)

☐ Confession of Judgment (CFJ 2)*

(The entry of a judgment when a defendant admits liability and accepts the amount of agreed-upon damages but does not pay or perform as agreed upon.)

* The filing party will be given an appropriate case schedule at time of filing.
** Case schedule will be issued after hearing and findings.

☐ Foreign Judgment (from another State or Country) (FJU 2)

(Any judgment, decree, or order of a court of the United States, or of any state or territory, which is entitled to full faith and credit in this state.)

☐ Tax Warrant or Warrant (TAX 2)

(A notice of assessment by a state agency or self-insured company creating a judgment/lien in the county in which it is filed.)

☐ Transcript of Judgment (TRJ 2)

(A certified copy of a judgment from a court of limited jurisdiction (e.g. District or Municipal court) to a Superior Court.)

**PROPERTY RIGHTS**

☐ Condemnation/Eminent Domain (CON 2)*

(Complaint involving governmental taking of private property with payment, but not necessarily with consent.)

☐ Foreclosure (FOR 2)*

(Complaint involving termination of ownership rights when a mortgage or tax foreclosure is involved, where ownership is not in question.)

☐ Land Use Petition (LUP 2)*

(Petition for an expedited judicial review of a land use decision made by a local jurisdiction.) RCW 36.70C.040

☐ Non-Residential Unlawful Detainer (Eviction) (UND 2)

(Commercial property eviction.)

☐ Property Fairness Act (PFA 2)*

(Complaint involving the regulation of private property or restraint of land use by a government entity brought forth by Title 64.)

☐ Quiet Title (QTI 2)*

(Complaint involving the ownership, use, or disposition of land or real estate other than foreclosure.)

☐ Residential Unlawful Detainer (Eviction) (UND 2)

(Complaint involving the unjustifiable retention of lands or attachments to land, including water and mineral rights.)

**OTHER COMPLAINT/PETITION**

☐ Action to Compel/Confirm Private Binding Arbitration (CAA 2)

(Petition to force or confirm private binding arbitration.)

☐ Application for Health & Safety Inspection (HSI 2)

☐ Assurance of Discontinuance (AOD 2)

(Filed by Attorney General's Office to prevent businesses from engaging in improper or misleading practices.)

☐ Birth Certificate Change(PBC 2)

(Petition to amend birth certificate)

☐ Bond Justification (PBJ 2)

(Bail bond company desiring to transact surety bail bonds in King County facilities.)

☐ Certificate of Rehabilitation (CRR 2)

(Petition to restore civil and political rights.)

☐ Certificate of Restoration Opportunity(CRP 2)

(Establishes eligibility requirements for certain professional licenses.)

* The filing party will be given an appropriate case schedule at time of filing.

** Case schedule will be issued after hearing and findings.

☐ Change of Name (CHN 2)

(Petition for name change for reasons other than listed in RCW 4.24.130(5).)

☐ Confidential Change of Name (CHN 2)

(Petition for name change when domestic violence/anti-harassment issues require confidentiality under RCW 4.24.130(5).)

☐ Civil Commitment (sexual predator) (PCC 2)

(Petition to detain an individual involuntarily.)

☒ Consumer Protection Act (CPA 2)*

(Complaint involving unfair and deceptive acts or practices.)

☐ Emancipation of Minor (EOM 2)

(Petition by a minor for a declaration of emancipation.)

☐ Employment (EMP 2)*

(Complaint regarding compliance with public employers sharing employee information with bargaining representatives.)

☐ Foreign Subpoena (OSS 2)

(To subpoena a King County resident or entity for an out of state case.)

☐ Frivolous Claim of Lien (FVL 2)

(Petition or Motion requesting a determination that a lien against a mechanic or materialman is excessive or unwarranted.)

☐ Injunction (INJ 2)*

(Complaint/petition to require a person to do or refrain from doing a particular thing.)

☐ Interpleader (IPL 2)

(Petition for the deposit of disputed earnest money from real estate, insurance proceeds, and/or other transaction(s).)

☐ Malicious Harassment (MHA 2)*

(Suit involving damages resulting from malicious harassment.) RCW 9a.36.080

☐ Minor Work Permit (MWP 2)

(Petition for a child under 14 years of age to be employed)

☐ Non-Financial Enforcement (NFE2)

(Filed by the PA or an agency responding to a demand for documents, pursuant to RCW 71.09)

☐ Non-Judicial Filing (NJF 2)

(See probate section for TEDRA agreements. To file for the record document(s) unrelated to any other proceeding and where there will be no judicial review.)

☐ Notice of Deposit of Surplus Funds (DSF 2)

(Deposit of extra money from a foreclosure after payment of expenses from sale and obligation secured by the deed of trust.)

☐ Other Complaint/Petition (MSC 2)*

(Filing a Complaint/Petition for a cause of action not listed)

☐ Perpetuation of Testimony (PPT 2)

(Action filed under CR 27)

☐ Petition to Remove Restricted Covenant (RRC 2)

Declaratory judgment action to strike discriminatory provision of real property contract.

* The filing party will be given an appropriate case schedule at time of filing.
** Case schedule will be issued after hearing and findings.

☐ Prorate Fuel Tax Subpoena (PFT 2)

(Subpoena-Actions filed under Chapt. 82.42 RCW for exparte orders for fuel tax collection violation investigation subpoenas.)

☐ Public records Act (PRA 2)*

(Action filed under RCW 42.56)

☐ Recall Ballot Synopsis (RBS2)

(Filed by the PA or AG pursuant to RCW 29A.56)

☐ Receivership (RCVR 2)

(The process of appointment by a court of a receiver to take custody of the property, business, rents and profits of a party to a lawsuit pending a final decision on disbursement or an agreement.)

☐ Relief from Duty to Register (RDR 2)

(Petition seeking to stop the requirement to register.)

☐ Restoration of Firearm Rights (RFR 2)

(Petition seeking restoration of firearms rights under RCW 9.41.040 and 9.41.047.)

☐ School District-Required Action Plan (SDR 2)

(Petition filed requesting court selection of a required action plan proposal relating to school academic performance.)

☐ Seizure of Property from the Commission of a Crime-Seattle (SPC 2)*
(Seizure of personal property which was employed in aiding, abetting, or commission of a crime, from a defendant after conviction.)

☐ Seizure of Property Resulting from a Crime-Seattle (SPR 2)*

(Seizure of tangible or intangible property which is the direct or indirect result of a crime, from a defendant following criminal conviction. (e.g., remuneration for, or contract interest in, a depiction or account of a crime.)

☐ Structured Settlements- Seattle (TSS 2)*

(A financial or insurance arrangement whereby a claimant agrees to resolve a personal injury tort claim by receiving periodic payments on an agreed schedule rather than as a lump sum.)

☐ Vehicle Ownership (PVO 2)*

(Petition to request a judgment awarding ownership of a vehicle.)

**TORT, ASBESTOS**

☐ Personal Injury (ASP 2)*

(Complaint alleging injury resulting from asbestos exposure.)

☐ Wrongful Death (ASW 2)*

(Complaint alleging death resulting from asbestos exposure.)

**TORT, MEDICAL MALPRACTICE**

☐ Hospital (MED 2)*

(Complaint involving injury or death resulting from a hospital.)

☐ Medical Doctor (MED 2)*

(Complaint involving injury or death resulting from a medical doctor.)

* The filing party will be given an appropriate case schedule at time of filing.
** Case schedule will be issued after hearing and findings.

☐ Other Health care Professional (MED 2)*

(Complaint involving injury or death resulting from a health care professional other than a medical doctor.)

**TORT, MOTOR VEHICLE**

☐ Death (TMV 2)*

(Complaint involving death resulting from an incident involving a motor vehicle.)

☐ Non-Death Injuries (TMV 2)*

(Complaint involving non-death injuries resulting from an incident involving a motor vehicle.)

☐ Property Damages Only (TMV 2)*

(Complaint involving only property damages resulting from an incident involving a motor vehicle.)

☐ Victims Vehicle Theft (VVT 2)*

(Complaint filed by a victim of car theft to recover damages.) RCW 9A.56.078

**TORT, NON-MOTOR VEHICLE**

☐ Other Malpractice (MAL 2)*

(Complaint involving injury resulting from other than professional medical treatment.)

☐ Personal Injury (PIN 2)*

(Complaint involving physical injury not resulting from professional medical treatment, and where a motor vehicle is not involved.)

☐ Products Liability (TTO 2)*

(Complaint involving injury resulting from a commercial product.)

☐ Property Damages (PRP 2)*

(Complaint involving damage to real or personal property excluding motor vehicles.)

☐ Property Damages-Gang (PRG 2)*

(Complaint to recover damages to property related to gang activity.)

☐ Tort, Other (TTO 2)*

(Any other petition not specified by other codes.)

☐ Wrongful Death (WDE 2)*

(Complaint involving death resulting from other than professional medical treatment.)

**WRIT**

☐ Habeas Corpus (WHC 2)

(Petition for a writ to bring a party before the court.)

☐ Mandamus (WRM 2)**

(Petition for writ commanding performance of a particular act or duty.)

☐ Review (WRV 2)**

(Petition for review of the record or decision of a case pending in the lower court; does not include lower court appeals or administrative law reviews.)

* The filing party will be given an appropriate case schedule at time of filing.
** Case schedule will be issued after hearing and findings.

FILED
2025 DEC 04 04:22 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-36199-3 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR THE COUNTY OF KING**

| | |
|---|---|
| BREACH<br><br>VS<br><br>PREMIUM BRANDS OPCO LLC | No. 25-2-36199-3 SEA<br><br>**CASE INFORMATION COVER SHEET AND AREA DESIGNATION**<br><br>(CICS) |

**CAUSE OF ACTION**

CPA - Consumer Protection Act

**AREA OF DESIGNATION**

SEA    Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.